The Honorable Jan Judy State Representative 202 West Maple Street Fayetteville, Arkansas 72701-4132
Dear Representative Judy:
This is in response to your request for an opinion on the proper allocation of election expenses as between a county and the municipalities within a county, for municipal runoff elections. Specifically, you ask "[s]hould the costs of these run-offs be billed directly to the cities or must the formula as set out in A.C.A. § 7-5-106
be used?"
You have attached correspondence with your request indicating that after the November, 2000 general election, runoff races were necessary in several of the cities within Washington County. Your question is whether the entire cost of conducting the runoff elections may be divided prorata between the relevant cities, or whether the formula in A.C.A. §7-5-104[1] applies. That statute requires fifty percent of election expenses to be paid by the county, and the remainder to be divided among the participating cities.
RESPONSE
It is my opinion that state law controls the answer to your question. Neither county quorum courts, nor a local county board of election commissioners has authority to impose election expenses on municipalities without specific state legislative authority. In this case, the applicable state law is not entirely clear. In my opinion, however, the formula set out in A.C.A. § 7-5-104 should be applied to these municipal runoff elections.
As an initial matter, it should be noted that although counties are invested with broad authority over local legislative matters, they are prohibited, without state delegation, from the power to impose a duty on another unit of local government. A.C.A. § 14-14-806(3). In addition, counties are prohibited, without state law authority, from exercising legislative power over "laws requiring elections." A.C.A. §14-14-807(3). In my opinion, therefore, any authority of the county to impose election expenses on municipalities must come from state law.
Two separate statutes are relevant to the question. Neither specifically addresses runoff elections and as a consequence, the answer to the question you pose is not entirely clear under current law. The first statute is the one containing the formula you reference, A.C.A. §7-5-104, and it provides as follows:
 All expenses of general elections for presidential, congressional, state, district, county, township, or municipal offices in this state shall be paid by the counties in which they are held. However, any city or incorporated town shall reimburse the county board of election commissioners for the expenses of any election in an amount equal to a figure derived by multiplying fifty percent (50%) of the total cost of the election by a fraction, the numerator of which shall be the number of voters from the city or incorporated town casting ballots in the election prepared by the county board, and the denominator of which shall be the total number of voters casting ballots in the election.
My predecessor has noted that this statute is a part of "a comprehensive and exclusive scheme for the payment of election expenses, and a county board of election commissioners may not alter that scheme." See Op. Att'y Gen. 95-216 at 2.[2] The statute above, however, is not entirely clear in its application to runoff elections. It is clear, however, that the statute and the formula apply to "general" elections for municipal offices and requires municipalities to partially reimburse the county for the expenses of "any" election. I should also note that the statute you recite as requiring such runoff elections (A.C.A. § 7-5-106) refers to them twice as "runoff general elections." A.C.A. § 7-5-106 (a)(1)(A) and (a)(2)(A) (emphasis added).
The only other potentially applicable statute, in my opinion, is A.C.A. § 7-5-605(b), which provides as follows:
 (b) The costs of using electronic voting systems at all general and special elections, including costs of supplies, technical assistance, and transportation of the systems to and from polling places, shall be paid by the municipality or county in which the systems are used from the municipal or county general funds or from such other source of public funds as may be available.
It is my understanding that Washington County uses an "electronic voting system." A question therefore arises as to what extent the statute above governs the payment of expenses for general and special elections employing such systems. In my opinion this statute is not entirely clear in its allocation of costs as between a county and its municipalities. It merely states that the expenses of using the systems shall be paid by the municipality or county in which the systems are used. I cannot draw any conclusions, therefore, as to this statute's applicability to municipal runoff elections. In any event the other statute, A.C.A. § 7-5-104, is later in time and will control in the event of any conflict.
In my opinion, therefore, the formula set out in A.C.A. § 7-5-104
controls the expenses of the runoff elections you describe.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Although your request, and the correspondence attached thereto, refer to A.C.A. § 7-5-106, I assume that the relevant statute is A.C.A. § 7-5-104.
[2] My predecessor has also opined, however, that this statute has no applicability to special elections. See e.g., Ops. Att'y. Gen. 95-216; 94-399; 93-350 and 93-125 (noting that the legislature removed the word "special" from the statute in 1992).